UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JARED J. REARY,<br><br>       Plaintiff,<br><br>       v.<br><br>THOMAS S. HARKER, in his official capacity as Acting Secretary of the Navy, *et al.*,<br><br>       Defendants. | Civil Action No. 20-03008 (DLF) |

**DEFENDANTS' CONSENT MOTION TO STAY PROCEEDINGS**

Defendants Lloyd J. Austin III, Secretary of Defense, Thomas S. Harker, Acting of the Secretary of the Navy, the Board for Corrections of Naval Records ("Board"), by and through counsel, respectfully move for a stay of proceedings for a remand to the Board.

On January 15, 2021, the Court entered a Scheduling Order to govern the proceedings in this matter. Minute Order (Jan. 15, 2021). Thus far, the parties have filed cross-motions for summary judgment. Defs.' Mot for Summ. J., ECF No. 17; Pl.'s Cross-Mot. for Summ. J. & Opp'n to Defs.' Mot. for Summ. J., ECF No. 19.

"The authority to stay proceedings stems from 'the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Nat'l Indus. for Blind v. Dep't of Veterans Affairs*, 296 F. Supp. 3d 131, 137 (D.D.C. 2017) (quoting *Air Line Pilots Ass'n v. Miller*, 523 U.S. 866, 879 n.6 (1998)). In order to prevail on a motion to stay, "[t]he proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997) (citations omitted). In considering a contested motion to stay, courts must "weigh competing interests and maintain an even balance between the court's

interests in judicial economy and any possible hardship to the parties." *Belize Soc. Dev. Ltd. v. Gov't of Belize*, 668 F.3d 724, 732–33 (D.C. Cir. 2012) (quotation omitted).

After completion of the parties' opening briefs, the parties met and conferred and agreed that a remand to the Board is appropriate. Defendant states that, although remand instructions are not necessary under the circumstances here, the parties agreed on specific remand instructions, which are included herein. Thus, on remand:

1. The Board shall:

    a. rescind its decision;

    b. notify Plaintiff that he has an opportunity to submit additional claims, evidence, and arguments to the Board;

    c. consider requesting new advisory opinions addressing the issues set forth in the agreed remand instructions;

    d. if applicable, provide Plaintiff with an opportunity to comment upon any new advisory opinions;

    e. reconsider fully all claims asserted by Plaintiff without regard to whether they were asserted or considered previously, including any claims for permanent disability retired pay pursuant to 10 U.S.C. § 1201 and temporary disability retired pay pursuant to 10 U.S.C. § 1202; and

    f. readjudicate Plaintiff's claims based upon a complete set of Plaintiff's medical records and any further evidence that Plaintiff may submit, all of which shall be considered by the Board and be made part of the Board record.

2. 10 U.S.C. § 1216 provides that (a) The Secretary concerned shall prescribe regulations to carry out this chapter (Chapter 61. Retirement or Separation for Physical Disability) within his

department.  At the time of Plaintiff's separation from the military, Department of Defense Instruction 1332.38 (Nov. 14, 1996), ¶ E3.P1.2.3 instructed the Medical Evaluation Board ("MEB") to "document the full clinical information of all medical conditions the Service member has and state whether each condition is cause for referral into the [Disability Evaluation System]."  DoDI 1332.38, Encl. 3, ¶ 1.2.3.  "Clinical information shall include a medical history, appropriate physical examination, medical tests and their results, medical and surgical consultations as necessary or indicated, diagnoses, treatment, and prognosis."  *Id.*  On remand, the Board will determine or explain whether the MEB should have included clinical information, as described above, on Plaintiff's major depressive disorder ("MDD") and/or any other disabilities claimed by him.  If the Board determines that the MEB should have included additional clinical info on Plaintiff's MDD it will on its own, or through an advisory opinion, determine whether Plaintiff's MDD merited referral to the PEB.

3.  10 U.S.C. § 1201 governs claims for permanent disability retirement pay for service members on active duty for more than 30 days.  Section 1201(a) provides, in relevant part:

> Upon a determination by the Secretary concerned that a member described in subsection (c) is unfit to perform the duties of the member's office, grade, rank, or rating because of physical disability incurred while entitled to basic pay . . . , the Secretary may retire the member, with retired pay computed under section 1401 of this title, if the Secretary also makes the determinations with respect to the member and that disability specified in subsection (b).

10 U.S.C. § 1201.  When determining fitness, DoDI 1332.38, Encl. 3, ¶ 3.2. instructs the Physical Evaluation Board ("PEB") to consider the following criteria when making unfitness determinations:

> E3.P3.2.1.  A Service member shall be considered unfit when the evidence establishes that the member, due to physical disability, is unable to reasonably perform the duties of his or her office, grade, rank, or rating (hereafter called duties) to include duties during a remaining period of Reserve obligation.
>
> E3.P3.2.2. In making a determination of a member's ability to so perform his/her duties, the following criteria may be included in the assessment:

3

> E3.P3.2.2.1. The medical condition represents a decided medical risk to the health of the member or to the welfare of other members were the member to continue on active duty or in an Active Reserve status.
>
> E3.P3.2.2.2. The medical condition imposes unreasonable requirements on the military to maintain or protect the member.
>
> E3.P3.2.2.3. The Service member's established duties during any remaining period of reserve obligation.

On remand, the Board will determine and explain, using the criteria in DoDI 1332.38, whether Plaintiff's MDD, or any other condition Plaintiff asserts to the Board was service unfitting.

4. 10 U.S.C. § 1201(b) provides, in relevant part:

> Determinations referred to in subsection (a) are determinations by the Secretary that – (1) based upon accepted medical principles, the disability is of a permanent nature and stable; (2) the disability is not the result of the member's intentional misconduct or willful neglect, and was not incurred during a period of unauthorized absence; and (3) . . . the disability is at least 30 percent under the standard schedule of rating disabilities in use by the Department of Veterans Affairs [VASRD] at the time of the determination; and . . . the disability was incurred in [the] line of duty.

10 U.S.C. § 1201(b). On remand, if the Board finds that Plaintiff's MDD or other condition was service unfitting, it shall determine and explain whether that condition was of a permanent nature and stable. The Board also shall determine and explain whether Plaintiff's unfitting MDD or any other disability claimed by Plaintiff corresponds to at least a 30 percent rating under the Veteran Affairs Schedule for Rating Disabilities ("VASRD") and was incurred or aggravated in the line of duty. In making its rating determination, the Board further shall determine and explain why any percentage rating determined is most appropriate for that disability when compared to the next higher percentage rating (if any) and next lower percentage rating (if any) under the VASRD.

5. 10 U.S.C. § 1204 provides that

> [u]pon a determination by the Secretary concerned that a member of the armed forces . . . would be qualified for retirement under section [1201/1204] of this title but for the fact that his disability is not determined to be of a permanent nature and stable, the Secretary shall, if he also determines that accepted medical principles indicate that the disability may be of

> a permanent nature, place the member's name on the temporary disability retired list, with retired pay computed under section 1401 of this title.

10 U.S.C. §§ 1202, 1205.  On remand, if the Board determines that Plaintiff was unfit under section 1201, but for the fact that his disability was not of permanent nature and stable, the Board shall determine and explain whether the disability may be of a permanent nature such that his name should be placed on the temporary disability retired list.

6.Nothing shall prevent the Board from further considering whether Plaintiff has demonstrated an injustice even in the absence of a material error. In determining whether an injustice exists, the Board may consider whether military stressors contributed to any disabilities incurred by Plaintiff.  If the Board considers the issue of military stressors, the Board shall separately analyze the distinct issues of military status and military stressors in its decision.

7.The Board shall have six months from the date of the Court's remand order to complete its review and issue a decision regarding Plaintiff's claims.

Pursuant to Local Rule 7(m), the parties met and conferred about the relief sought in this motion.  Plaintiff consents to the relief sought here.

WHEREFORE, Defendants respectfully request that the Court grant this consent motion to stay and enter the attached proposed order.

| | |
|---|---|
| Dated: June 16, 2021 | Respectfully Submitted, |
| | CHANNING D. PHILLIPS<br>D.C. Bar No. 415793<br>Acting United States Attorney |
| | BRIAN P. HUDAK<br>Acting Chief, Civil Division |
| <u>Of Counsel</u> | <u>/s/ Joseph F. Carilli, Jr.</u><br>JOSEPH F. CARILLI, JR. |
| CATHERINE T. MCMAHON<br>Lieutenant Commander, JAGC, USN<br>Office of the Judge Advocate General<br>Department of the Navy | N.H. Bar No. 15311<br>Assistant United States Attorney<br>Civil Division<br>U.S. Attorney's Office<br>  for the District of Columbia<br>555 4th St. N.W.<br>Washington, D.C. 20530<br>Telephone: (202) 252-2561<br>Facsimile: (202) 252-2599<br>E-mail: joseph.carilli@usdoj.gov |
| | *Counsel for Defendants* |